**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**AARON EDEN, et al.**                                                            **PLAINTIFFS**

**V.**                                                       **CIVIL ACTION NO. 1:18cv54LG-RHW**

**HUNT SOUTHERN GROUP, LLC FKA
FOREST CITY SOUTHERN GROUP, LLC, et al.**                   **DEFENDANTS**

**HUNT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Hunt Southern Group, LLC ("Hunt Southern") and Hunt MH Property Management, LLC ("Hunt MH") (collectively, the "Hunt Defendants") seek summary judgment and in support would show the following.

1.      This case is one of nine filed in this Court in which Plaintiffs complain about alleged conditions in military housing at Keesler Air Force Base in Biloxi, Mississippi.

2.      The Eden's claim that dangerous levels of mold existed in their home, and that the mold proximately caused damages, including personal injuries, property damage, and other contract and tort damages.

3.      The Plaintiffs couch this general claim into various causes of action including negligence, gross negligence, breach of the lease contract, civil conspiracy, constructive eviction, violation of the Service Members Civil Relief Act, and third-party beneficiary breach of contract. The Plaintiffs claim actual damages including personal injuries, property damage, and relocation costs.

4.      All of the Plaintiffs' claims fail for the same general reasons:

a.      ***No proof their homes were uninhabitable***. The Plaintiffs have no proof of any dangerous, excessive or unreasonable level of mold making their home "uninhabitable."  This is an essential element of most, if not all, of the Plaintiffs' claims.

b.      ***No breach of the standard of care***. There is no proof of the breach of any standard of care by any Defendant.  Assuming there was excessive or dangerous mold (and there was

**Error! Unknown document property name.**

not), the Plaintiffs have come forward with no evidence of what the Hunt Defendants did or failed to do which violated any standard of care.

        c.     ***No proof of causation***. The Plaintiffs have no testimony to establish that mold caused any of their damages. The Plaintiffs' only proffered expert on causation is Dr. Paul Goldstein, and his testimony should be stricken as unreliable under *Daubert* and Rule 702 for the reasons set forth in Defendants' separate motion on that subject.  But even if allowed to testify, Dr. Goldstein refused to give any opinion on specific causation.  While the Plaintiffs have also proffered a "construction expert," Joe E. Morgan, Jr., who opined that there were certain construction defects in all Keesler residences and the Moisture Remediation Project should have been completed more quickly, those opinions are also subject to a separate *Daubert* motion.  Once again, even if Morgan's opinions are admitted, Defendants are entitled to summary judgment as Morgan could not provide a causative opinion linking any construction defect with the advent of moisture.

        d.     ***The claims are untimely and not appropriate under Mississippi law***. The Plaintiffs' personal injury claims are barred by the statute of limitations and Mississippi law does not support their claims for emotional distress.

        e.     ***There is no proof of other essential elements.*** Plaintiffs' evidence on other essential elements of their claims is insufficient as a matter of law.

    5.     In support of this Motion, the Hunt Defendants are filing the following undisputed evidence in support of their contention that the Eden's claims fail as a matter of law:

        a.   Exhibit 1 – Master Development and Management Agreement

        b.   Exhibit 2 – Maintenance Records Prior to Residency

        c.   Exhibit 3 – Turnover Inspection Records

        d.   Exhibit 4 – Military Lease Agreement

        e.   Exhibit 5 – Mold Addendum

        f.   Exhibit 6 – Deposition of Aaron Eden

        g.   Exhibit 7 – Move-In/Move-Out Unit Inspection and Inventory Report

h.   Exhibit 8 – Deposition of Victoria Eden

i.   Exhibit 9 – Maintenance History During Residency

j.   Exhibit 10 – Mold Testing by Pro-Lab, Inc.

k.   Exhibit 11 – Deposition of Diana Sauri for Pro-Lab, Inc.

l.   Exhibit 12 – August 22, 2017 Correspondence

m.  Exhibit 13 – Rimkus Report of Findings

n.   Exhibit 14 – Deposition of Dr. Paul Goldstein, Volume II

o.   Exhibit 15 –. Deposition of Dr. Paul Goldstein, Volume I

p.   Exhibit 16 – Dr. Wilihelm's Rule 35 Examination Reports

q.   Exhibit 17 – Deposition of Joe E. Morgan, Jr.

6.      The foregoing evidence shows there is no genuine issue of material fact on any essential elements of the Eden's claims, including the standard of care, a breach thereof, and causation, among others, and the Hunt Defendants are entitled to judgment as a matter of law.

WHEREFORE, PREMISES CONSIDERED, the Hunt Defendants respectfully request that this Court enter summary judgment against the Plaintiffs on all claims asserted in their Amended Complaint.

Respectfully submitted, this the 10th day of May, 2019,

**Balch & Bingham, LLP**

*/s/ Walter H. Boone*
Walter H. Boone, MSB#8651
Jennifer J. Skipper, MSB#100808

**BALCH & BINGHAM LLP**
188 East Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
E-mail: wboone@balch.com
E-mail:  jskipper@balch.com

*Attorneys for Hunt Southern Group, LLC fka Forest City Southern Group, LLC and Hunt MH Property Management, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that on the 10th day of May  2019 a copy of the foregoing was filed

electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all

known counsel of record by operation of the court's electronic filing system.


*/s/ Walter H. Boone*
Walter H. Boone